## Richmond

JAMES CARLTON WILLIAMS

v.

COMMONWEALTH OF VIRGINIA

No. 1218-86-2

Decided May 17, 1988

COUNSEL

Jeffrey L. Everhart (Tuck and Everhart, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Williams seeks appellate review of the sufficiency of the evidence to sustain his conviction in a bench trial for possession of cocaine with the intent to distribute. The panel is unanimous in holding that in a bench trial a timely motion must be made challenging the sufficiency of the evidence in order to preserve the issue for appeal. *See* Rule 5A:18. The panel is not unanimous whether this appellant made a proper motion to the trial judge to challenge the sufficiency of the evidence; a majority concludes that appellant did not and that he is therefore precluded from raising the issue of sufficiency of the evidence for the first time on appeal. Because we observe a recurring failure to make the necessary motions to preserve a challenge to the sufficiency of the evidence, which indicates to us that some practitioners may think it unnecessary in a bench trial to move to strike the evidence or to set aside a finding of guilt, we publish this opinion to inform the bench and bar.

Williams did not move the trial court, hearing the case without a jury, to strike the evidence at the conclusion of the Commonwealth's case or to strike the evidence or set aside the verdict at the conclusion of the entire case. At the conclusion of the evidence the trial judge requested counsel to make closing argument. Following a statement by the Commonwealth's Attorney, defense counsel as part of his closing argument stated: "Judge, I submit this man did not have an intent to distribute."

The Commonwealth contends that Williams is barred by Rule 5A:18 from raising the sufficiency issue where it was not raised in the trial court. We agree and affirm the conviction. *See*

*McGee v. Commonwealth*, 4 Va. App. 317, 320-21, 357 S.E.2d 738, 739-40 (1987); *White v. Commonwealth*, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986). We find that the comment during closing argument concerning intent to distribute was counsel's statement to the judge about how, as trier-of-fact, he should resolve conflicts in the evidence, what weight he should give the evidence, and what inferences he should draw. The argument was not a motion challenging the sufficiency of the evidence. It is true, as noted in the dissenting opinion, that the sole issue submitted to the trial judge was the sufficiency of the evidence. Such will be the case in most criminal proceedings. We do not agree, however, that preservation of the distinction between "argument" and "motions" serves no meaningful purpose. There are numerous reasons why, in a bench trial, a not guilty verdict could be returned for reasons other than insufficiency of the evidence. The defense may have established an affirmative defense, the statute of limitations may have run, or the conviction may be barred by double jeopardy guarantees, to name but a few. In a given case, these issues may be combined with the argument that, in the alternative, the evidence was insufficient. By preserving a requirement of a clear and specific motion to strike or motion to set aside the verdict, we ensure that the trial court's attention is focused on the sufficiency of the evidence to the exclusion of all other issues.

Before invoking the bar of Rule 5A:18 we necessarily must review the record to determine whether there exists a clear miscarriage of justice requiring that we disregard the procedural defect and consider the sufficiency of the evidence. Upon review of the record, we cannot say that the ends of justice or good cause requires us to disregard Rule 5A:18. *See Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). In response to a citizen's call, an officer went to 12th and Stockton Streets in Richmond where he arrested Williams after finding in his pocket a black film canister containing fourteen separate baggies of cocaine and moisture-absorbing rice. Williams told the officer that he had found the canister on a wall just prior to the arrival of the police and that he thought it contained a drug or even a "dummy." The quantity of the cocaine was .56 grams, a relatively small amount of the drug. Williams had eleven dollars in cash on him when arrested. Williams denied having obtained the cocaine for his own personal use or that he would possess cocaine packaged in this manner for his personal use. The record

does not reflect that a miscarriage of justice has clearly occurred in convicting Williams for possession of cocaine with the intent to distribute. *Id.*

Therefore, the conviction is affirmed.

*Affirmed.*

Cole, J., concurred.

Benton, J., dissenting.

At the arraignment which occurred immediately prior to trial, Williams entered a plea of not guilty to the charge of possession of cocaine with intent to distribute. His trial counsel informed the judge that Williams "pleads guilty to the possession of cocaine." However, the Commonwealth stated that it was not willing to accept this plea. The judge refused to accept the plea and proceeded to try Williams without a jury on the charge of possession of cocaine with intent to distribute.

At the conclusion of the evidence the following exchange occurred:

DEFENSE COUNSEL: The defense rests, Judge.

ATTORNEY FOR COMMONWEALTH: No further evidence sir.

THE COURT: Let me hear your argument.

In a brief statement the Commonwealth argued that the circumstances established Williams' intent to distribute the cocaine. Defense counsel then followed with an equally brief argument that Williams found the canister of cocaine on a wall and that the evidence did not prove Williams had the intent to distribute the cocaine. Although defense counsel failed to say "I move to strike," his closing argument clearly brought to the attention of the trial judge the question of the sufficiency of the evidence to establish intent to distribute. Indeed, sufficiency of the evidence was the sole issue argued by the Commonwealth and the defense. "The primary purpose of the contemporaneous objection rule is to advise the trial judge of the action complained of so that the court

can consider the issue intelligently and, if necessary, take corrective action to avoid unnecessary appeals, reversals, and mistrials." *Head v. Commonwealth*, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986). The purpose of Rule 5A:18, therefore, has been adequately served in this case.

No purpose is served by refusing to consider the merits of this appeal. The hypertechnical distinction being made on the facts of this case between "a comment upon the weight of the evidence" and "a challenge to the sufficiency of the evidence" should not provide the basis for removing this appeal from the Court's docket and denying substantive review of the sole legal issue presented to the trial judge for decision. Invocation of the procedural bar of Rule 5A:18 in this case is simply not warranted.

Williams was convicted of possession of cocaine with intent to distribute without any direct evidence to suggest an intent to distribute. The circumstantial evidence which the majority opinion recites in support of its view that a miscarriage of justice has not occurred has marginal, if any, probative value concerning intent to distribute. The miscarriage of justice analysis does not take into account the appalling absence of evidence to support an inference of intent to distribute. Proof beyond a reasonable doubt of intent to distribute cannot rest upon tenuous inferences drawn from Williams' denial that he was carrying the items, which he claimed to have found, for his personal use.

Although the evidence, viewed in the light most favorable to the Commonwealth, establishes that he possessed cocaine, the sentence given Williams as a result of the conviction of possession of cocaine with intent to distribute exceeds the maximum sentence allowable for a conviction of possession of cocaine. For these reasons, I would consider the appeal on the merits, reverse the conviction, and remand for a new trial.