COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


GEORGE FREDERICK DELANEY

                                                              OPINION BY
v.        Record No. 0692-08-1                     JUDGE CLEO E. POWELL
                                                              OCTOBER 13, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

Harry Dennis Harmon, Jr., for appellant.

Erin M. Kulpa, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


George Frederick Delaney ("Delaney") appeals his conviction for petit larceny, in violation

of Code § 18.2-96. He contends that the evidence was insufficient to support his conviction. As

Delaney did not preserve this issue for appeal, we will not consider it as a basis for reversal and,

therefore, we affirm the judgment of the trial court. See Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the

objection was stated together with the grounds therefor at the time of the ruling, except for good

cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

It is well established that, "in a bench trial, where a defendant wishes to preserve a

sufficiency motion after presenting evidence, the defendant must make a motion to strike at the

conclusion of all the evidence, present an appropriate argument in summation, or make a motion

to set aside the verdict." Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144

(1995); see also Rule 5A:18. It is equally well established that "Rule 5A:8 governs the

establishment of the record on appeal." Jordan v. Jordan, 12 Va. App. 96, 97, 402 S.E.2d 246,

247 (1991). Under Rule 5A:8(c), "a written statement of facts, testimony, and other incidents of the case, which may include or consist of a portion of the transcript" may be filed with the clerk of the trial court "[i]n lieu of a transcript."

In the present case, the trial court approved a statement of facts that summarized the evidence and the trial proceedings and both parties signed that statement of facts. The statement of facts, however, is devoid of any indication as to what arguments and objections were presented to the trial court. Although Delaney maintains that he "presented motions and arguments to strike the Commonwealth's evidence as being insufficient," he concedes that the "[s]tatement of [f]acts does not include [his] motions and arguments." Delaney argues that the trial court "would not allow any motions or arguments" to be included in the statement of facts. However, Delaney neither objected to the completeness or accuracy of the statement of facts nor assigned error on appeal to the trial court's alleged limitation of the contents of the statement of facts. See Rule 5A:8(d); see also Grant v. Commonwealth, 54 Va. App. 714, 726 n.6, 682 S.E.2d 84, ___ n.6 ( 2009) (noting that "Rule 5A:8(d) provides a procedure for objecting to the content of the statement of facts"). Furthermore, at oral argument, counsel for Delaney conceded that this Court is obligated to read the statement of facts as indicating that there was no motion to strike.

At oral argument, Delaney argued that the exceptions to Rule 5A:18 should apply. However, we find that neither the "good cause" nor "ends of justice" exception to the rule applies to the present case. Delaney admittedly failed to utilize the procedure authorized by Rule 5A:8(d) to object to the completeness or accuracy of the statement of facts, therefore, the good cause exception does not apply. See Luck v. Commonwealth, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000) (holding that where "the defendant had the opportunity to object but elected not to do so," his claim is not preserved).

Similarly, Delaney cannot rely on the ends of justice exception in the present case. As we have repeatedly admonished, "the ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

> We will not invoke the exception if the record suggests that the Commonwealth merely inadvertently or unknowingly failed to adduce adequate proof of an element of the offense. In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73.

Delaney's ends of justice argument subsumes his sufficiency argument. His entire argument is that the Commonwealth failed to prove an element of the offense. Under Delaney's approach, in order to determine whether the ends of justice exception applies, this Court would first have to determine whether the evidence was sufficient. Such an approach would "obviate the requirement for making an adequate motion to strike or a contemporaneous objection that the evidence was insufficient." Id. at 221, 487 S.E.2d 272. If Delaney's approach were the proper one, Rule 5A:18 would never apply, except when it does not matter.

At no time does he argue that the conduct for which he was convicted was not a criminal offense. Similarly, nothing in the record affirmatively proves that an element of the offense did not occur.[1] As such, the ends of justice exception does not apply.

---

[1] In fact, the record includes surveillance footage of Delaney walking into the meat section of the store with an empty duffle bag in the basket of his shopping cart. The footage then shows Delaney selecting several steaks and placing them into his shopping cart. A few minutes

In failing to utilize the procedure provided by Rule 5A:8(d) to object to the contents of the statement of facts, Delaney did not preserve his argument regarding the sufficiency of the evidence. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Therefore, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

later, footage from a different camera shows Delaney near the front of the store. His shopping cart is now empty but the duffle bag is now underneath the shopping cart and appears to be full. Another camera angle then shows Delaney carrying the duffle bag out of the store.