COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Alston


ROBERT D. DICKERSON

                                                                    OPINION BY
v.        Record No. 1215-10-1                        JUDGE WILLIAM G. PETTY
                                                                    JUNE 14, 2011
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                                    Louis R. Lerner, Judge

               (Kimberly Enderson Hensley; Office of Public Defender, on brief),
               for appellant. Appellant submitting on brief.

               (Kenneth T. Cuccinelli, II, Attorney General; Leah A. Darron, Senior
               Assistant Attorney General, on brief), for appellee. Appellee
               submitting on brief.


        Appellant, Robert Dickerson, was convicted in a bench trial of cocaine possession in

violation of Code § 18.2-250. On appeal, Dickerson argues the evidence was insufficient to

convict him of this crime. Because Dickerson did not properly preserve this argument, we affirm

his conviction.

        In early April of 2009, a police officer for the City of Hampton arrested Dickerson for

public intoxication after finding him passed out in a car blocking the driveway of a private

residence. As the officer removed Dickerson from the car to arrest him, the officer noticed a

scale with what appeared to be marijuana residue on it near Dickerson's left thigh. The officer

searched Dickerson incident to his arrest and discovered marijuana and cocaine in his pockets.

        The officer testified to these facts at a bench trial. At the close of the Commonwealth's

evidence, Dickerson made a motion to strike the evidence "based on the insufficiency of the

evidence," but argued only that the police unlawfully searched him.[1]  Subsequently, Dickerson

testified that he had no idea where the cocaine came from, that it was not in his pockets, and that

it was not his.  Dickerson never made a motion to strike after the close of all the evidence.[2]

Instead, Dickerson's counsel made a one-sentence closing argument, saying, "Your Honor, my

client indicates clearly under oath that that was not his cocaine, that he never possessed that

cocaine and I would submit it to the Court with that."  Evidently choosing to believe the officer

and disbelieve Dickerson, the trial court found Dickerson guilty of cocaine possession.  This

appeal followed.

    Rule 5A:18 states[3]:  "No ruling of the trial court . . . will be considered as a basis for

reversal unless the objection was stated together with the grounds therefor at the time of the

ruling . . . ."  "Not just any objection will do.  It must be both *specific* and *timely*—so that the

trial judge would know the particular point being made in time to do something about it."

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g

en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  "The goal of the contemporaneous objection

rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to

---

[1] Generally, "a motion to strike can never be a proper vehicle to argue suppression of illegally obtained evidence since the questions of legal sufficiency and constitutional compliance are fundamentally different questions requiring different analyses."  Arrington v. Commonwealth, 53 Va. App. 635, 642 n.12, 674 S.E.2d 554, 558 n.12 (2009).

[2] "'[W]hen a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case.'"  McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 625 (1995) (quoting White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986)).

[3] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."  Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (citing Head v. Commonwealth, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986)).

In Williams v. Commonwealth, 6 Va. App. 412, 368 S.E.2d 293 (1988), a divided panel of this Court held that while a motion to strike made at the close of all the evidence could preserve a challenge to the sufficiency of the evidence in a bench trial, a closing argument could not. Id. at 413-14, 368 S.E.2d at 293-94. However, this Court subsequently reversed that holding in Campbell, 12 Va. App. 476, 405 S.E.2d 1, holding that an appellant has preserved a challenge to the sufficiency of the evidence in a bench trial when he makes an appropriate argument in a motion to strike at the close of the Commonwealth's evidence and then renews this argument in closing. Id. at 478, 405 S.E.2d at 1-2. We have therefore held since Campbell that an appropriate argument made during closing, or "summation," will preserve a challenge to the sufficiency of the evidence in a bench trial. E.g., Delaney v. Commonwealth, 55 Va. App. 64, 66, 683 S.E.2d 834, 835 (2009) (citing Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995)); Howard, 21 Va. App. at 478, 465 S.E.2d at 144 (citing Campbell, 12 Va. App. at 478-81, 405 S.E.2d at 1-3).

However, not every argument made in summation is an argument attacking the sufficiency of the evidence. As the Court explained in Campbell, a "closing argument may address other issues," such as "a statute of limitations, an affirmative defense or *the weight of the evidence*." Campbell, 12 Va. App. at 481, 405 S.E.2d at 3 (emphasis added). Generally, a closing argument focused only on the factual persuasiveness of the evidence, that is, the credibility of the witnesses or the weight of the evidence, is distinct from a challenge to the legal sufficiency of the evidence. A sufficiency challenge requires the trial court to view the evidence in the light most favorable to the Commonwealth. Cf. Cooper v. Commonwealth, 54 Va. App.

- 3 -

558, 562, 680 S.E.2d 361, 363 (2009) (discussing the sufficiency standard of review employed by an appellate court). "Viewing the [evidence] through this evidentiary prism requires [the trial court] to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). An argument *on the merits*, however, employs a very different evidentiary prism. This argument asks the trial court to reject any of the Commonwealth's evidence that is inconsistent with the accused's theory of the case and to accept instead the accused's interpretation of the evidence.

In light of the different arguments that the accused could present to the trial court, Rule 5A:18 requires the accused to *specifically* raise a legal challenge to the sufficiency of the evidence in order to preserve that issue for appeal. Generally, this is easily achieved when the accused makes a motion to strike the evidence. By utilizing that device, the accused has a better opportunity to adequately alert the trial court to both the relief being sought and, as importantly, the basis for that relief.[4] However, when the accused elects to forgo a motion to strike and proceed directly to closing argument, it is incumbent on him to make the trial court aware that he is challenging something other than the veracity of the evidence that supports the Commonwealth's theory. As Campbell points out, the sufficiency challenge must be clear enough for the trial court to discern its presence and to be able to distinguish it from an argument

---

[4] For instance, on appeal Dickerson argues that "[t]he Commonwealth failed to exclude the reasonable hypothesis that appellant truly had no knowledge of the cocaine." He then cited Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008), in support of that argument. Had this argument been presented to the trial court, it would have alerted the court to his challenge that the officer's testimony and the reasonable inferences to be drawn from that testimony were insufficient to prove one of the requisite elements of the offense. At trial, however, he simply restated his own testimony, which, unless incriminating, is quite frankly irrelevant to a legal sufficiency analysis.

on the merits. <u>Campbell</u>, 12 Va. App. at 481, 405 S.E.2d at 3 (holding that "if the issue of sufficiency is *clearly* presented to the trial court . . . in a closing argument," the issue is preserved for appeal (emphasis added)). "Not every closing argument accomplishes this objective."[5] <u>Id.</u> An argument focused only on which witness is more worthy of belief fails to achieve this objective, and therefore the argument does not properly preserve a sufficiency challenge for appellate review.[6] <u>Id.</u>; <u>see</u> Code § 8.01-384.

Here, Dickerson made no motion to strike at the close of all the evidence in his bench trial. Accordingly, he must rely upon his closing argument to preserve his challenge to the sufficiency of the evidence. In his brief closing argument, Dickerson's counsel did nothing more than ask the trial court, sitting as the fact-finder, to disbelieve the police officer's testimony and believe Dickerson's testimony. This argument merely asked the court to believe his denial that he possessed the cocaine. Dickerson never asked the court to rule that the testimony of the officer was legally insufficient to support any element of the charge. Accordingly, Dickerson failed to preserve his challenge to the sufficiency of the evidence in the trial court, and we are therefore precluded from considering that argument on appeal. <u>See</u> Rule 5A:18.

Thus, we affirm Dickerson's conviction.

<u>Affirmed.</u>

---

[5] Nor does every motion to strike accomplish this objective. <u>See, e.g.</u>, <u>Scott v. Commonwealth</u>, 58 Va. App. 35, 44-45, 707 S.E.2d 17, 22 (2011) (holding that an argument made in a motion to strike challenging only the sufficiency of the evidence to support first-degree murder failed to preserve a sufficiency challenge to the lesser-included charge of involuntary manslaughter).

[6] If arguments of this sort were adequate, the rule would be rendered meaningless, since every closing argument in a criminal case (short of a concession of guilt) would permit a defendant to raise a sufficiency challenge on appeal.

Elder, J., concurring in the judgment.

The majority properly affirms Dickerson's conviction for cocaine possession in violation of Code § 18.2-250. However, I would reach this conclusion on the merits of the case because, unlike the majority, I believe the issue of whether Dickerson knew of the presence and character of the cocaine found in his pants pockets was properly preserved. Therefore, I write separately to concur in the judgment only.

The majority holds that counsel's "one-sentence closing argument" "did nothing more than ask the trial court, sitting as fact-finder, to disbelieve the police officer's testimony and believe Dickerson's testimony." The majority believes this falls short of a challenge to the sufficiency of the evidence, which asks the trial court to view the evidence in the light most favorable to the Commonwealth and discard the *appellant's* evidence, because it instead asked the trial court to discard the *Commonwealth's* evidence. The majority reasons that because an argument on the merits "employs a very different evidentiary prism" than the sufficiency challenge Dickerson argues on appeal, supra at 4, Rule 5A:18 bars our consideration of the merits of Dickerson's appeal.

In my view, however, distinguishing a "closing argument [that] focus[s] only on the factual persuasiveness . . . or the weight of the evidence" from "a challenge to the legal sufficiency of the evidence" draws a distinction without a difference, particularly in this case.[7] Counsel argued that the cocaine "was not his" and "that he never possessed th[e] cocaine." Counsel based this argument on Dickerson's testimony and therefore "asked the court to disbelieve the police officer's testimony and believe Dickerson's testimony"; i.e., evaluate the

---

[7] Of course, I do not suggest that any closing argument may properly preserve a sufficiency challenge for appellate review. Rather, I believe that in *this particular case*, counsel's brief closing argument highlighted the precise issue that is now before this Court: whether or not appellant possessed the contraband.

- 6 -

case on the merits by discerning the probative value of the evidence. Supra at 5. In response, the trial court held that it was "convinced beyond a reasonable doubt that [Dickerson] [was] guilty of [cocaine possession]." By disbelieving Dickerson's testimony, the trial court necessarily found the remaining evidence to be sufficient. In other words, the probative value of that evidence—the police officer's testimony versus Dickerson's testimony—was sufficient to convict so, therefore, the legal sufficiency of the evidence was also met. Counsel argued, albeit briefly, that Dickerson did not know the cocaine was in his pocket, which is the argument he raises now on appeal. So despite the phrasing of the closing argument, Dickerson "raised the issue of the sufficiency of the evidence of [constructive possession]" and gave "the trial court . . . an opportunity to . . . resolve the issue now raised on appeal." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (en banc).

On the merits of Dickerson's appeal, I believe the evidence is sufficient to support a finding that Dickerson had the requisite awareness of the nature and character of the cocaine because the police officers found the contraband in his pants pocket.

"In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008). "The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character." Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758 (1975). Such knowledge may be shown by evidence of the acts, statements or conduct of the accused. See Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983).

In Young, ambiguous circumstantial evidence cast doubt on whether the defendant knew of the nature and character of the contraband found in her purse. 275 Va. at 592, 659 S.E.2d at

311. Specifically, the arresting officer found a prescription bottle labeled "OxyContin," a controlled substance. The officer could not determine the nature of the pills without the use of forensic testing, which revealed the pills contained neither OxyContin nor its generic equivalent. Id. at 589, 659 S.E.2d at 309. Further, the pills were prescribed to an individual other than the defendant. From this evidence, the Supreme Court of Virginia held it could envision "countless scenarios" in which the defendant could have possessed the contraband without fully knowing the character and nature of the pills and it reversed the defendant's conviction. Id. at 592, 659 S.E.2d at 310-11.

Such evidence is lacking in the present case to support any reasonable hypothesis of innocence that does not spring from Dickerson's imagination. The suspected crack cocaine was wrapped in a clear plastic baggie, allowing the police officer to immediately suspect the true nature of the substance. No evidence existed that another individual was identifiably implicated in the ownership of Dickerson's vehicle, contraband, or pants. Dickerson never contended that the pants belonged to someone else. See Horne v. Commonwealth, No. 1247-09-2, 2010 Va. App. LEXIS 220, at *9 (June 1, 2010) ("The jury, as the trier of fact and determiner of witness credibility, could reject appellant's story that the pants were not his and conclude that the velour pants, and any item in the pockets of those pants, belonged to appellant."). Dickerson offered no explanation concerning how a substance could enter his pants without his knowledge. Indeed, Dickerson testified that he was aware of the marijuana found in his left rear pants pocket. The trial court therefore reasonably discounted Dickerson's claim that he did not know about the cocaine and concluded he was lying to conceal his guilt. See Cordon v. Commonwealth, 280 Va. 691, 695, 701 S.E.2d 803, 805 (2010) ("[I]f a defendant's denial of circumstances relating to an illegal act is inconsistent with previous statements or facts, it is fair to infer that such denial was for the purposes of concealing guilt.").

Dickerson's actual possession of the cocaine in his pants pockets, combined with facts that contradicted his disclaimer of ownership of the crack cocaine, provide sufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the cocaine. Accordingly, I would affirm his conviction for possession of cocaine on that ground rather than applying Rule 5A:18.