PETTY, Judge.
Appellant, Robert Dickerson, was convicted in a bench trial of cocaine possession in violation of Code § 18.2-250. On appeal, Dickerson argues the evidence was insufficient to convict him of this crime. Because Dickerson did not properly preserve this argument, we affirm his conviction.
*355 In early April of 2009, a police officer for the City of Hampton arrested Dickerson for public intoxication after finding him passed out in a car blocking the driveway of a private residence. As the officer removed Dickerson from the car to arrest him, the officer noticed a scale with what appeared to be marijuana residue on it near Dickerson’s left thigh. The officer searched Dickerson incident to his arrest and discovered marijuana and cocaine in his pockets.
The officer testified to these facts at a bench trial. At the close of the Commonwealth’s evidence, Dickerson made a motion to strike the evidence “based on the insufficiency of the evidence,” but argued only that the police unlawfully searched him.[1] Subsequently, Dickerson testified that he had no idea where the cocaine came from, that it was not in his pockets, and that it was not his. Dickerson never made a motion to strike after the close of all the evidence.[2] Instead, Dickerson’s counsel made a one-sentence closing argument, saying, “Your Honor, my client indicates clearly under oath that that was not his cocaine, that he never possessed that cocaine and I would submit it to the Court with that.” Evidently choosing to believe the officer and disbelieve Dickerson, the trial court found Dickerson guilty of cocaine possession. This appeal followed.
Rule 5A:18 states[3]: “No ruling of the trial court ... will be considered as a basis for reversal unless the objection *356 was stated together with the grounds therefor at the time of the ruling----” “Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it.” Thomas v. Commonwealth, 44 Va.App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh’g en banc, 45 Va.App. 811, 613 S.E.2d 870 (2005). “The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action.” Campbell v. Commonwealth, 12 Va.App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (citing Head v. Commonwealth, 3 Va.App. 163, 167, 348 S.E.2d 423, 426 (1986)).
In Williams v. Commonwealth, 6 Va.App. 412, 368 S.E.2d 293 (1988), a divided panel of this Court held that while a motion to strike made at the close of all the evidence could preserve a challenge to the sufficiency of the evidence in a bench trial, a closing argument could not. Id. at 413-14, 368 S.E.2d at 293-94. However, this Court subsequently reversed that holding in Campbell, 12 Va.App. 476, 405 S.E.2d 1, holding that an appellant has preserved a challenge to the sufficiency of the evidence in a bench trial when he makes an appropriate argument in a motion to strike at the close of the Commonwealth’s evidence and then renews this argument in closing. Id. at 478, 405 S.E.2d at 1-2. We have therefore held since Campbell that an appropriate argument made during closing, or “summation,” will preserve a challenge to the sufficiency of the evidence in a bench trial. E.g., Delaney v. Commonwealth, 55 Va.App. 64, 66, 683 S.E.2d 834, 835 (2009) (citing Howard v. Commonwealth, 21 Va.App. 473, 478, 465 S.E.2d 142, 144 (1995)); Howard, 21 Va.App. at 478, 465 S.E.2d at 144 (citing Campbell, 12 Va.App. at 478-81, 405 S.E.2d at 1-3).
*357 However, not every argument made in summation is an argument attacking the sufficiency of the evidence. As the Court explained in Campbell, a “closing argument may address other issues,” such as “a statute of limitations, an affirmative defense or the weight of the evidence.” Campbell, 12 Va.App. at 481, 405 S.E.2d at 3 (emphasis added). Generally, a closing argument focused only on the factual persuasiveness of the evidence, that is, the credibility of the witnesses or the weight of the evidence, is distinct from a challenge to the legal sufficiency of the evidence. A sufficiency challenge requires the trial court to view the evidence in the light most favorable to the Commonwealth. Cf. Cooper v. Commonwealth, 54 Va.App. 558, 562, 680 S.E.2d 361, 363 (2009) (discussing the sufficiency standard of review employed by an appellate court). “Viewing the [evidence] through this evidentiary prism requires [the trial court] to ‘discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.’ ” Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). An argument on the merits, however, employs a very different evidentiary prism. This argument asks the trial court to reject any of the Commonwealth’s evidence that is inconsistent with the accused’s theory of the case and to accept instead the accused’s interpretation of the evidence.
In light of the different arguments that the accused could present to the trial court, Rule 5A:18 requires the accused to specifically raise a legal challenge to the sufficiency of the evidence in order to preserve that issue for appeal. Generally, this is easily achieved when the accused makes a motion to strike the evidence. By utilizing that device, the accused has a better opportunity to adequately alert the trial court to both the relief being sought and, as importantly, the basis for that relief.[4] However, when the accused elects to *358 forgo a motion to strike and proceed directly to closing argument, it is incumbent on him to make the trial court aware that he is challenging something other than the veracity of the evidence that supports the Commonwealth’s theory. As Campbell points out, the sufficiency challenge must be clear enough for the trial court to discern its presence and to be able to distinguish it from an argument on the merits. Campbell, 12 Va.App. at 481, 405 S.E.2d at 3 (holding that if “the issue of sufficiency is clearly presented to the trial court ... in a closing argument,” the issue is preserved for appeal (emphasis added)). “Not every closing argument accomplishes this objective.”[5] Id. An argument focused only on which witness is more worthy of belief fails to achieve this objective, and therefore the argument does not properly preserve a sufficiency challenge for appellate review.[6] Id.; see Code § 8.01-384.
Here, Dickerson made no motion to strike at the close of all the evidence in his bench trial. Accordingly, he must rely upon his closing argument to preserve his challenge to the sufficiency of the evidence. In his brief closing argument, Dickerson’s counsel did nothing more than ask the trial court, sitting as the fact-finder, to disbelieve the police officer’s *359 testimony and believe Dickerson’s testimony. This argument merely asked the court to believe his denial that he possessed the cocaine. Dickerson never asked the court to rule that the testimony of the officer was legally insufficient to support any element of the charge. Accordingly, Dickerson failed to preserve his challenge to the sufficiency of the evidence in the trial court, and we are therefore precluded from considering that argument on appeal. See Rule 5A:18.
Thus, we affirm Dickerson’s conviction.

Affirmed.

. Generally, “a motion to strike can never be a .proper vehicle to argue suppression of illegally obtained evidence since the questions of legal sufficiency and constitutional compliance are fundamentally different questions requiring different analyses.” Arrington v. Commonwealth, 53 Va.App. 635, 642 n. 12, 674 S.E.2d 554, 558 n. 12 (2009).

. " ‘[W]hen a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case.’ " McQuinn v. Commonwealth, 20 Va.App. 753, 755, 460 S.E.2d 624, 625 (1995) (quoting White v. Commonwealth, 3 Va.App. 231, 233, 348 S.E.2d 866, 867 (1986)).

. Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of *356 the ruling....” Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n. 1, 574 S.E.2d 530, 531 n. 1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

. For instance, on appeal Dickerson argues that "[t]he Commonwealth failed to exclude the reasonable hypothesis that appellant truly had no *358 knowledge of the cocaine.” He then cited Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008), in support of that argument. Had this argument been presented to the trial court, it would have alerted the court to his challenge that the officer’s testimony and the reasonable inferences to be drawn from that testimony were insufficient to prove one of the requisite elements of the offense. At trial, however, he simply restated his own testimony, which, unless incriminating, is quite frankly irrelevant to a legal sufficiency analysis.

. Nor does every motion to strike accomplish this objective. See, e.g., Scott v. Commonwealth, 58 Va.App. 35, 44-45, 707 S.E.2d 17, 22 (2011) (holding that an argument made in a motion to strike challenging only the sufficiency of the evidence to support first-degree murder failed to preserve a sufficiency challenge to the lesser-included charge of involuntary manslaughter).

. If arguments of this sort were adequate, the rule would be rendered meaningless, since every closing argument in a criminal case (short of a concession of guilt) would permit a defendant to raise a sufficiency challenge on appeal.