COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Fulton and Lorish
Argued at Fredericksburg, Virginia

ANTONIO LAMONT GUNN

v.      Record No. 1003-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RANDOLPH A. BEALES
JULY 5, 2023

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Jennifer T. Stanton, Senior Appellate Attorney (Indigent Defense
Commission, on briefs), for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


On June 3, 2022, the Circuit Court of Stafford County convicted Antonio Lamont Gunn of

refusal to submit to a "blood/breath test" to determine the alcohol content of his blood. In this

appeal, Gunn contends in his assignment of error that the trial court "erred by denying the motions

to strike and finding Mr. Gunn guilty of unreasonable refusal to submit to a breath test where the

evidence failed to prove he operated the vehicle on a public highway."

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v.

Commonwealth*, 295 Va. 469, 472 (2018). In the case now before this Court, on May 27, 2021,

Stafford County Sheriff's Deputy Ahern received a report about a drunk driver at a Wawa gas

station. When he arrived at the gas station, Deputy Ahern encountered Gunn standing by his car

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

next to the air pumps. Deputy Ahern testified that Gunn was agitated, slurred his speech, and appeared disheveled. Suspecting that Gunn was intoxicated and after further interaction with him, Deputy Ahern arrested Gunn for driving under the influence ("DUI"). Deputy Ahern then asked Gunn to submit to a blood test and advised him of the legal consequences of refusing. Despite Deputy Ahern's repeated requests, Gunn refused to submit to a blood test.

Gunn was charged with "refus[ing a] blood/breath test" in violation of Code § 18.2-268.3, and the case proceeded to a bench trial. At the close of the Commonwealth's case-in-chief, Gunn made a motion to strike and argued that the evidence failed to prove that he operated a vehicle on a public highway. Specifically, he argued that the Wawa parking lot where he was arrested was not a public highway for the purposes of the implied consent law, Code § 18.2-268.2(A). The Commonwealth contended that the parking lot was a highway, or in the alternative, that Gunn had to drive on a public highway before he arrived at the parking lot. The trial court denied Gunn's motion to strike.

Thereafter, Gunn presented evidence in his defense. Gunn testified that he drove to the Wawa after traveling on a highway. Gunn stated that he remained at the Wawa for "about six hours" and did not eat or drink anything while there. He admitted that while he was there, he drove his vehicle to the air pump to inflate his tires. Gunn claimed that he refused to take the blood test because he was afraid of needles and thought the test would be unsanitary.

At the close of all the evidence, Gunn did not renew his motion to strike. In fact, he also did not argue in his closing argument his earlier contention that the Wawa parking lot was not a public highway. The only argument he made after he finished presenting his evidence was that the Commonwealth failed to prove that Gunn was arrested within three hours of the alleged DUI offense, as required by the implied consent law, Code § 18.2-268.2(A). While making that point

in his closing argument, Gunn compared Virginia's statutes for DUI and for unreasonable refusal of a blood or breath test:

> What the legislature has done is sort of an unusual thing here in the way that it has set up the differences between the refusal statute and the DUI statute. In the DUI statute pretty much anybody anyplace that has any amount of -- that has a sufficient amount of alcohol in their system, or other drugs, can be found guilty of operating a vehicle even if it's got four flat tires and they are sitting in their own parking lot. This [the refusal statute] does require operation on a highway and within three hours. So we see in this case that he is not guilty of violating the consent rules because the time frame between his driving and his being asked to provide the sample is more than three hours. Thank you.

Despite Gunn's closing argument, the trial court found that Gunn was arrested within three hours of driving under the influence on a public highway and that Gunn, in his own testimony, "essentially admit[ted] that [he] refused the test." Consequently, the trial court convicted him of unreasonable refusal to submit to a blood test. Gunn now appeals to this Court.

## II. ANALYSIS

Under Virginia's implied consent law, "a person who operates a motor vehicle on a highway in Virginia is deemed to consent to have a sample of his blood or breath taken" if he is arrested under suspicion of driving under the influence ("DUI") "within three hours of the alleged offense." *Bristol v. Commonwealth*, 272 Va. 568, 574 (2006) (citing Code § 18.2-268.2(A)). If a person is arrested under those circumstances and "unreasonably refuse[s] to have samples of his blood taken for chemical tests to determine the alcohol or drug content of his blood," then, by his refusal, he is guilty of a violation under Code § 18.2-268.3. *See Park v. Commonwealth*, 74 Va. App. 635, 653 (2022).

On appeal, Gunn does not contest that he was arrested for DUI or that he repeatedly refused to take a blood test. Likewise, he does not contest that he was arrested within three hours of his alleged DUI offense. Instead, he specifically argues that the Commonwealth presented

insufficient evidence to prove that he operated a vehicle on a "highway" as Code § 18.2-268.2(A) requires. However, the Commonwealth argues to us on appeal that Gunn did not preserve this argument for appeal under Rule 5A:18. For this Court to consider Gunn's argument on appeal, our caselaw and Rule 5A:18 require that the argument first be properly preserved for appeal in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

In addition, if a defendant "introduce[s] *any evidence*" in his own defense, then he cannot rely on appeal on simply that initial motion to strike that he had made at the close of the Commonwealth's case-in-chief. *Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 72-73, 83 (2010). As the Supreme Court stated in *Murillo-Rodriguez,* "[W]here a defendant who has elected to introduce evidence in his defense does not make either a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict," this "bars the review by an appellate court of a challenge to the sufficiency of the evidence." *Id.* at 72.

The Supreme Court applied this rule to a bench trial in *McDowell v. Commonwealth*, 282 Va. 341, 342 (2011), and held that the issue in an initial motion to strike was waived when the defendant "did not renew the motion to strike and in his closing argument did not expressly address the issue." Not only did the Court in *McDowell* expect that the renewed argument be expressly made, *id.*, but the Supreme Court has also clarified that this concept of waiver "is in reality nothing more than a straightforward application of the contemporaneous objection rule"

under which an argument is preserved for appeal only if it is made with specificity. *See Murillo-Rodriguez*, 279 Va. at 79; *Bethea*, 297 Va. at 743 ("Specificity and timeliness undergird the contemporaneous-objection rule."). Significantly, the text of Rule 5A:18 requires that an objection be "stated with reasonable certainty at the time of the ruling."

Therefore, if a defendant presents *any evidence* after the close of the Commonwealth's case-in-chief, then "the defendant must renew [his] motion to strike at the conclusion of all the evidence, or in a bench trial, at the very least, he must reassert the issues raised in his original motion to strike in his closing argument in order to preserve the issues for appeal." *McDowell*, 282 Va. at 342. Furthermore, that renewed argument must be raised with "specificity," *Bethea*, 297 Va. at 743, and "reasonable certainty," Rule 5A:18.

Here, Gunn did none of those things that were needed to preserve his argument for appeal. After the close of the Commonwealth's case-in-chief, Gunn presented evidence in his own defense. However, from that point on, Gunn never argued that the Commonwealth failed to prove that he operated a motor vehicle on a highway. Gunn never raised that contention to the trial court in any way after his initial motion to strike was denied. Instead, Gunn contended only that he had not been arrested *within three hours* of the alleged DUI offense. At best, Gunn's closing argument merely mentioned the word "highway" while making a point about the three-hour requirement in the statute dealing with implied consent, Code § 18.2-268.2(A)—*not* arguing that the Wawa parking lot was not a highway. Specifically, Gunn stated that the implied consent statute "does require operation on a highway and within three hours."

Construing Gunn's brief mention of "a highway" as a self-contained argument would require this Court to put a different twist on Gunn's words. *See Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999) ("The appellate court, in fairness to the trial judge, should not recast the evidence and put a different twist on a question that is at odds with the question presented to the

- 5 -

trial court."). Even if we were to stretch Gunn's words in this manner, he certainly did not raise the argument with the *specificity* and *reasonable certainty* that the Supreme Court has stated is required to preserve the issue for appeal. *See Bethea*, 297 Va. at 743; Rule 5A:18.[1]

Satisfying Rule 5A:18 was not really difficult here. All Gunn's counsel had to do in his closing argument (or in a motion to reconsider or to set aside) was state, "Your honor, the Wawa parking lot is not a highway." However, the record does not show that trial counsel for Gunn did so after his original motion to strike was denied. Consequently, his argument now before us that the Wawa parking lot is not a public highway was not preserved for appeal.

### III. CONCLUSION

The sole argument Gunn presents on appeal is that the Commonwealth "failed to prove he operated the vehicle on a public highway." However, although Gunn made this argument in his initial motion to strike, the argument was waived when Gunn presented evidence in his defense and then did not either make a second motion to strike, make a motion to set aside, or raise it with specificity in his closing argument to the trial court in this bench trial. *See McDowell*, 282 Va. at 342; *Murillo-Rodriguez*, 279 Va. at 72, 83. Given that Gunn never again raised this issue to the trial court after his original motion to strike was denied, the argument was not preserved. Under these circumstances, Rule 5A:18 and binding precedent from the Supreme Court prevent us from considering this argument on appeal. Gunn does not invoke the good cause or ends-of-justice exceptions to Rule 5A:18, and this Court will not apply those exceptions *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*). Consequently, we cannot

---

[1] In addition, we cannot even know that the trial court actually thought that Gunn was then asking for a ruling on whether the Wawa parking lot was a highway (after Gunn had put on his own evidence after his initial motion to strike had been denied). The only sentence from the trial court's ruling from the bench that could possibly be so construed is a vague comment by the trial court that does not even mention the word "highway" and that simply said, "We have already addressed the issue of the open nature of the area."

reach Gunn's argument in his assignment of error because it was not properly preserved for appeal.[2]

For the foregoing reasons, we do not disturb the judgment of the Circuit Court of Stafford County.

*Affirmed.*

---

[2] This Court's decision today does not reach the question of whether the parking lot at issue is a "highway," for the purposes of Code § 18.2-268.2(A). Due to Gunn's failure to preserve this argument, we cannot reach the issue at all. *See* Rule 5A:18.