COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Callins


WILLIAM ROY FOSTER

v.     Record No. 1655-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 17, 2023


FROM THE CIRCUIT COURT OF WARREN COUNTY
Dennis L. Hupp, Judge Designate

(Jason E. Ransom; Ransom/Silvester, on briefs), for appellant.
Appellant submitting on briefs.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.


A jury convicted William Roy Foster of statutory burglary. On appeal, he challenges the

sufficiency of the evidence. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the trial court's

judgment.

BACKGROUND

Dawn Marshall testified that in October 2020, she owned a floral shop in Front Royal,

Virginia. She arrived at the shop between 6:30 and 7:00 on the morning of October 24, 2020,

entering through the locked back door. When she walked into the front room, she saw a large hole

smashed in the glass front door. "Everything was knocked over" and "a mess." The cash register's

computer monitor was on the ground, the front piece of the register drawer was broken, and coins

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

were "all over the floor." Additionally, Marshall's safe—which contained checks and approximately $6,000 in cash—was missing.

Front Royal Police Investigator Landon Waller lifted a latent fingerprint from the "inner surface" of the cash register. At trial, Annaliese Dietz, a forensic scientist with the Department of Forensic Science (DFS), testified as an expert in latent print comparison and analysis. Dietz explained that she ran the latent print through Virginia and the FBI's AFIS[1] databases, but those searches yielded no "candidates" for "further comparisons." She then compared the latent print to Foster's known fingerprint card.[2] Dietz testified that the latent print from the register "could be identified to" Foster's left middle finger. This finding was supported by DFS latent print supervisor Jessica Davis, who testified that she also concluded that the latent print from the register matched Foster's left middle finger.

At the close of the Commonwealth's case, Foster moved to strike the evidence, arguing that the latent fingerprint on the register was insufficient to prove that he was the burglar. The trial court denied the motion. Gerald Cole, whom the trial court also qualified as an expert in latent fingerprint analysis, testified for the defense that his comparison of the latent fingerprint from the register to Foster's fingerprints was "inconclusive" due to "the poor quality of the latent print."

Foster did not renew his motion to strike at the close of all the evidence. The jury convicted Foster. Foster did not file a motion to set aside the jury's verdict, and the trial court sentenced him to 20 years' incarceration with 12 years suspended. He now appeals, challenging the sufficiency of the evidence for conviction.

---

[1] Automated Fingerprint Identification System.

[2] The record does not elaborate on how Foster became a suspect in the case.

ANALYSIS

In his sole assignment of error, Foster asserts that the evidence was insufficient to sustain his conviction for statutory burglary because the Commonwealth failed to prove that he was the burglar. However, this argument was not properly preserved for appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

A challenge to the sufficiency of the evidence to sustain a conviction is a legal issue to be decided by the court. *See Dickerson v. Commonwealth*, 58 Va. App. 351, 357 (2011). In a bench trial, the defense may preserve a challenge to the sufficiency of the evidence by making an "appropriate argument . . . during closing." *Id.* at 356. In a jury trial where the defendant presents evidence, however, the defendant must preserve a challenge to the sufficiency of the evidence in a motion to strike at the conclusion of all the evidence or by moving to set aside the verdict. *Commonwealth v. Bass*, 292 Va. 19, 33 (2016). Foster concedes that he did neither in this case.

Although Foster attempts to invoke the ends of justice exception to Rule 5A:18 in his reply brief, he did not do so in his opening brief. "Rule 5A:20(e) requires that when an issue has not been preserved for appellate review, the *opening brief* shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable." *Stokes v. Commonwealth*, 61 Va. App. 388, 397 (2013) (emphasis added); *see also Jeter v. Commonwealth*, 44 Va. App. 733, 740-41 (2005) (holding that this Court will not address an argument raised for the first time in a reply brief). Foster has failed to properly invoke either exception to Rule 5A:18, "and the Court will

not apply the exceptions *sua sponte*." *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022);

*see also Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).  Thus, Foster's

assignment of error challenging the sufficiency of the evidence is waived and we do not address

it.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.