COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

MICHAEL SHANE BOYD

v.     Record No. 1230-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 30, 2022

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(M. Lee Smallwood, II, Deputy Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.

Counsel for Michael Shane Boyd filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). A copy of that

brief has been furnished to Boyd with sufficient time for him to raise any matter that he chooses.

Boyd has not filed any supplemental pleadings. After examining the briefs and record in this case,

we affirm the trial court's judgment. We unanimously hold that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Boyd pleaded guilty to a charge of distributing an imitation controlled substance to a minor

at least three years his junior.[1] During a plea colloquy, Boyd affirmed that, among other things, he

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Boyd also pleaded guilty to contributing to the delinquency of a minor. The trial court
sentenced him to twelve months in jail, all suspended, for that conviction. Boyd expressly limited
his appeal to the active sentence imposed for the distribution charge, so we do not address the
misdemeanor conviction further.

UNPUBLISHED

understood the maximum punishment for the offense and that the court was not required to follow any applicable sentencing guidelines. The court accepted his plea as freely, voluntarily, and intelligently made.

The Commonwealth proffered that Danville Police Sergeant Jeffrey Jeffries searched Boyd's cell phone in the course of an unrelated investigation and discovered a video of eleven-year-old T.T. In the video, T.T. appeared to be smoking marijuana. T.T.'s guardian told Sergeant Jeffries that Boyd recently had lived with him and T.T. for "five or six months." T.T. told Sergeant Jeffries that during that time, Boyd had given her drugs, which they "had smoked together several times," and that she had accompanied him when he bought marijuana and methamphetamine. Police officers also found Boyd's text messages "having conversation[s] with the victim about smoking, getting high, and whatnot."

The circuit court convicted Boyd and ordered a presentence report. At the sentencing hearing, Boyd's counsel argued that Boyd thought of T.T. as a daughter, but he was a drug addict and gave T.T. access to drugs while he was "in a haze of drugs." Since sobering up while incarcerated, Boyd "sees the horror of what he was doing to himself and how it impacted this child and would not do this type of thing again." Counsel requested leniency and noted that the sentencing guidelines recommended a sentence of three to six months. The Commonwealth responded that the guidelines recommendation was not appropriate because "this is how it gets started for" children. "[T]hey're exposed to somebody who's willing to give them that substance. And then they end up with a lifelong addiction. So it's a slippery slope." The Commonwealth also alleged that the video, which was not in evidence, showed T.T. "dancing provocatively for" Boyd.

During his allocution, Boyd apologized, acknowledged his addiction, and asked to be sent to a treatment facility. The circuit court noted that it had previously recommended that the Department of Corrections (DOC) house Boyd in a therapeutic community when it sentenced him

on an earlier conviction; Boyd replied that the DOC had not sent him there because of pending out-of-state charges that were later dismissed. The court also noted that Boyd's "criminal history is terrible." It also opined that "what happened in this case is just inconceivable that anybody could think it was okay to do." "To share drugs with a[n] eleven-year-old girl, to take her . . . on drug buys, to leave drugs for her to use when you're not around. [I]t's just not something that the [c]ourt can countenance . . . . And I think following these guidelines in any way, would do just that."

On November 10, 2021, the circuit court sentenced Boyd to five years' incarceration with three years suspended. The court explained its departure from the sentencing guidelines by noting that Boyd "supplied drugs to a minor child and is severely addicted to drugs." Boyd appeals.

ANALYSIS

Boyd asserts that the circuit court abused its discretion by sentencing him to two years' active incarceration because he expressed remorse, apologized during his sentencing allocution, requested to be sent to a treatment facility, and accepted responsibility by pleading guilty. Instead, the court focused on the nature of Boyd's offense and his criminal history, which were already considered in the sentencing guidelines recommendation. He also contends that this sentence is "disproportionate to the offense" because the court "imposed a sentence that was four times harsher than the high end of the sentence recommended and eight times harsher than the low end of the guidelines before any adjustment made for remorse or acceptance of responsibility." We disagree.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). The sentence the circuit court imposed in this

- 3 -

case was within the range set by the legislature. *See* Code §§ 18.2-10(f), -255(B). Accordingly, the circuit court did not abuse its discretion.

To the extent Boyd asserts that his sentence is unconstitutional because it is disproportionate, he did not preserve that issue for appeal because he did not object to his sentence on that ground. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, [Boyd] does not argue that we should invoke these exceptions." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*). We do not consider them *sua sponte*. *Id.*

In any event, we long have declined to conduct a proportionality review in cases that do not involve life sentences without the possibility of parole. *See Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). Therefore, we would not conduct a proportionality review of Boyd's sentence.

## CONCLUSION

For these reasons, we affirm the circuit court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Michael Shane

Boyd is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*