UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Senior Judges Annunziata, Frank and Petty


GARRY LEE HAWLEY

v.     Record No. 0463-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 18, 2022


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Thomas J. Wilson, IV, Judge Designate

(David Samir Saliba; Elledge & Associates, PC, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


Counsel for Garry Lee Hawley filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).  A copy of

that brief has been furnished to Hawley with sufficient time for him to raise any matter that he

chooses.  Hawley has not filed any *pro se* supplemental pleadings.

The trial court convicted Hawley of malicious wounding, embezzlement, and eluding the

police and sentenced him to a total of fifteen years' imprisonment, with seven years suspended.

On appeal, Hawley argues that his "trial counsel was ineffective."  He also asserts that the trial

court erred by denying his motion to strike the evidence as to the malicious wounding charge

because there was no evidence of malicious intent.  In addition, Hawley contends that the trial

court erred by failing to consider the presentence report before imposing his sentence.  We have

reviewed the parties' pleadings, fully examined the proceedings, and determined the case to be

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

wholly without merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

On May 20, 2018, Hughes "H.C." Phillips, Jr., was in his backyard when Hawley stood in the middle of "the farm yard." Phillips saw Hawley spread his arms "out to both sides of him." Hawley eventually got in his vehicle, but "stopped his car at [Phillips'] driveway entrance, . . . rolled down the window on the passenger side and just stared at [Phillips] out his window." Phillips, thinking that Hawley "wanted to talk," approached Hawley's vehicle. Hawley "jumped" out of his vehicle and took a baseball bat out of the back seat. Hawley "made a gesture with the bat like he was going to hit [Phillips] with it." Hawley then put the bat down, and Phillips "proceeded to the rear of the car [and they] started talking." When the conversation ended, Phillips turned and started walking to his house. The next thing Phillips remembered was "waking up on the ground"; he was lying "face down" and "could see blood." Phillips tried to get up twice, but Hawley hit him again, causing him to fall back to the ground. Phillips thought Hawley was going to kill him. Phillips lost consciousness for a short period, and when he awakened, he went to his house and his wife called 911. Although Hawley claimed Phillips hit him first, Phillips denied ever attempting to swing at Hawley. Deputy Carmen Paniagua, the responding officer, did not see any injuries to Hawley when he made contact with him.

Following the attack, Phillips required surgery "for issues related to [his] nose and septum and . . . neck." Dr. Danny Neal, Phillips' surgeon, testified that Phillips had several contusions and lacerations on his face, and two fractures in his nose, as well as a deviated septum. Dr. Neal

testified that "to have the nasal bones broken in several pieces is usually consistent with something more than just a fist striking an individual." Phillips also had significant bruising and injuries to his neck. Dr. Neal did not think that "the area of bruising on his neck . . . could have come from a single punch" because of the extensive bleeding. Dr. Neal concluded that Phillips' injuries were consistent with blunt force trauma, consistent with a heavy object hitting Phillips. Dr. Neal likened Phillips' injuries to those caused by "a high speed motor vehicle crash before the advent of shoulder belts and airbags."

Hawley was arrested for malicious wounding. Hawley admitted to his pre-trial supervisor that he "got into a fight with a man and whooped his ass and he didn't like it." As a part of pre-trial supervision, Hawley was required to have a GPS monitor on his vehicle. On August 4, 2018, Hawley cut off his GPS and threw it over a bridge. The GPS was valued at $2,149.

On November 10, 2018, Officer Spencer Morrison testified that he was conducting a stationary radar, when he detected Hawley speeding. Officer Morrison pursued Hawley with his emergency lights activated. Hawley accelerated, eventually reaching a speed of over 100 miles per hour. Hawley also drove through several red lights and passed several vehicles over solid yellow lines. Hawley ultimately wrecked his car and sustained a number of injuries.

On August 29, 2019, the parties convened for a bench trial on Hawley's charges of malicious wounding, embezzlement, and felony eluding. At the start of the hearing, Hawley pleaded guilty to the embezzlement count.[1] At the close of the Commonwealth's evidence, Hawley moved to strike the malicious wounding count. Hawley argued that the Commonwealth failed to establish malice because there was no evidence that he used a bat or another type of weapon and that Phillips' injuries could have been caused by a fall. The trial court overruled the motion. Hawley testified that Phillips hit him first, knocking him to the ground, and "stomp[ed] on

---

[1] The embezzlement charge arose from Hawley's destruction of the GPS monitor.

[his] hands," causing broken bones. Hawley also testified that he "never had a bat or any club or a weapon of any type." Hawley admitted that he hit Phillips "about four or five times," but stated that it was "no big deal." Hawley did not think he hurt Phillips, because when Hawley left the scene, Phillips "was still standing there running his mouth." After considering the evidence and the parties' arguments, the trial court convicted Hawley of malicious wounding, eluding, and embezzlement.

On August 24, 2020, the parties convened for sentencing. The trial court made the presentence report "part of the record." The trial court sentenced Hawley to a total sentence of fifteen years, with seven years suspended. Hawley noted this appeal.

## ANALYSIS

### I. Ineffective Assistance of Counsel

On appeal, Hawley attempts to allege a claim of ineffective assistance of trial counsel. "[C]laims of ineffective assistance of counsel . . . are not reviewable on direct appeal, but must be raised in a petition for a writ of habeas corpus after exhaustion of all appellate remedies." *McGinnis v. Commonwealth*, 296 Va. 489, 495 n.1 (2018) (citing *Sigmon v. Dir. of the Dep't of Corr.*, 285 Va. 526, 533 (2013)); accord *Kenner v. Commonwealth*, 71 Va. App. 279, 297 (2019), *aff'd*, 299 Va. 14 (2021). Thus, the claim presented in this assignment of error is not properly before us for review.

### II. Unpreserved Claims

Hawley challenges his convictions by arguing that

> he had no *Miranda* warnings issued to him; he was not allowed to
> present evidence of passing a polygraph examination as a defense in
> his case; he thought he only owed $500 for the GPS monitor and
> paid $200 toward that although he entered a plea of guilty to the
> embezzlement/theft of the device.

- 4 -

Hawley also alleges that "the trial court conducted a sentencing hearing without the benefit of a presentencing report."[2] Hawley, however, admits that he did not preserve his arguments for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

The record demonstrates that Hawley never raised any of the arguments he now seeks to assert, and he cannot now do so on appeal. Moreover, as Hawley's appellate counsel acknowledges, the trial court made the presentence report a part of the record. Although there are exceptions to Rule 5A:18, appellant does not invoke them, and the Court will not apply the exceptions *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*). Accordingly, we cannot consider these arguments on appeal.

### III. Motion to Strike

Hawley argues that the trial court erred in failing to strike the evidence as to malicious wounding. As the Commonwealth correctly notes, Hawley failed to renew his motion to strike at

---

[2] This argument is meritless, as the trial court explicitly made the presentence report a part of the record.

the conclusion of the presentation of all the evidence, and his assignment of error is waived.  Under Virginia law, "[w]hen a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion." *McDowell v. Commonwealth*, 282 Va. 341, 342 (2011) (quoting *Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 73 (2010)).  After presenting his or her own evidence, a defendant must renew the motion to strike or file a motion to set aside the verdict.  *Murillo-Rodriguez*, 279 Va. at 84.

Because Hawley did not renew his motion to strike after he presented evidence on his own behalf and he did not file a motion to set aside the verdict, he has not preserved his challenge to the trial court's denial of his motion to strike, and we do not consider it.  Moreover, if Hawley had preserved an objection below, his argument would be procedurally defaulted under Rule 5A:20(e) because his opening brief contains no principles of law or authorities in support of his assignment of error, in direct contrast to Rule 5A:20(e)'s requirements.  *See* Rule 5A:20(e) ("The opening brief of appellant must contain . . . the argument (including principles of law and authorities) relating to each assignment of error.").

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Garry Lee Hawley is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.