COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chaney, Frucci and Senior Judge Annunziata
Argued by videoconference


EDGARDO ROMAN GUEVARA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1250-23-4                    JUDGE ROSEMARIE ANNUNZIATA
                                                         MARCH 11, 2025
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                           James C. Clark, Judge

            Samuel C. Moore (Moore, Christoff & Siddiqui, PLLC, on brief), for
            appellant.

            Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Edgardo Roman Guevara (Guevara) appeals his jury trial convictions of two counts of

malicious wounding under Code § 18.2-51, for which the trial court collectively sentenced him

to 20 years' incarceration with 12 years suspended.  He argues that the trial court erred in

denying his motions to strike because the evidence was insufficient to support one of his

malicious wounding convictions.  Finding no error, we affirm the trial court's judgment, but

remand the case to the trial court to correct a scrivener's error under Code § 8.01-428(B).

                                      BACKGROUND

        On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  "This principle requires us to

'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

On March 15, 2020, Daniel Miranda Suarez (Miranda) and Renzo Linares Aguilar (Linares) went to meet their friend, Diego Urbina Rosales (Urbina), to smoke marijuana. It was evening, and dark outside. When they arrived at Dora Kelley Nature Park in Alexandria, they did not see Urbina. They entered the park, and Miranda and Linares followed the sound of whistling, expecting to find Urbina. They followed the sound off the trail and up a hill. There, they met Guevara and Cesar Loza Castillo (Loza). Neither Miranda nor Linares had ever met Guevara or Loza before that day, but all four were there to meet Urbina.

While waiting for Urbina, Miranda handed tobacco cigarettes to the three other men. As they smoked, Loza stood near Miranda, and Guevara was behind Linares. Guevara then attacked Linares, cutting the back of his neck horizontally with a knife. Loza simultaneously attacked Miranda, cutting Miranda on his back and neck with a knife. Linares fled, and Guevara joined Loza in stabbing Miranda. Miranda tried in vain to appeal to Loza and Guevara, offering them money and his phone and telling them he had a daughter. Loza and Guevara, undeterred, continued their assault.

After being cut on his back, stomach, face, right arm, and right hand, Miranda broke free and fled down the hill. Loza and Guevara chased Miranda, but he managed to reach the parking lot. There, Miranda found Urbina and Linares, who drove a severely injured Miranda to the hospital. Linares and Miranda both received emergency medical treatment and survived, but Miranda's injuries left him with permanent scars.

Around one week after the assault, police went to Miranda's home to interview him. Miranda reviewed a photographic lineup where he identified Loza as one of the attackers. A

second set of photographs contained a picture of Guevara that Miranda tentatively identified, although he believed his attacker had darker skin.[1]

Eleven days after the assault, police arrested Guevara. When speaking with the detective, Guevara admitted to being in the park that night with Loza to buy marijuana. Guevara claimed that Miranda and Linares offered to sell marijuana to him. When Guevara told them that the marijuana was poor quality, one of the other men then pushed Guevara. Guevara admitted feeling disrespected, taking out a knife, and stabbing one of the other men. He and Loza then stabbed that same person multiple times, but he denied ever attacking the other man. Police located two knives in Guevara's possession at the time of his arrest, one of which Guevara confirmed that he used during the assault. Later DNA analysis of Guevara's knife showed three contributors to a blood profile on the interior of the handle; Guevara and Miranda could not be eliminated as contributors.

Guevara was charged with two counts of aggravated malicious wounding for the assaults against Miranda and Linares. At the close of the Commonwealth's evidence, Guevara made a motion to strike, arguing that the evidence was insufficient to show permanent injury or to establish Guevara's identity as the assailant. The trial court denied his motion. Guevara then entered into evidence a document stipulating that Miranda only appeared at one prior hearing at which Guevara was present. After resting, Guevara renewed his motion to strike based on "lack of credibility" of the victims. Finding that this was a question for the jury, the trial court again denied the motion.

---

[1] At trial, Miranda explained that the photograph came from social media and appeared to have been altered with a filter. He testified to having seen Guevara a "couple of times" at prior court hearings and that he had previously identified Guevara and Loza at those hearings.

The jury found Guevara guilty of two counts of the lesser-included offense of malicious wounding under Code § 18.2-51. By final order entered July 5, 2023, the trial court sentenced Guevara to a collective 20 years' incarceration with 12 years suspended. This appeal followed.[2]

ANALYSIS

I. Rule 5A:18

Guevara first argues that the evidence failed to establish malice because Guevara acted in the heat of passion. This argument, however, is not preserved under Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)).

At trial, Guevara never asserted that the evidence failed to show malice; he challenged only the permanency of the injury and his identity as the assailant, arguing that the victims were not credible.[3] "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would

---

[2] On brief, Guevara does not contest his conviction for the malicious wounding of Linares; he only argues that his conviction for the malicious wounding of Miranda should be reversed.

[3] Because Guevara was convicted of malicious wounding, rather than aggravated malicious wounding, the permanency of the stabbing injuries is no longer at issue. *See* Code § 18.2-51.2 (requiring that the "victim is thereby severely injured and is caused to suffer permanent and significant physical impairment" to be convicted of aggravated malicious wounding).

- 4 -

know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "[A] general argument or an abstract reference to the law is not sufficient to preserve an issue." *Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc)). Indeed, "appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards*, 41 Va. App. at 761 (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)).

Although Guevara challenged the sufficiency of the evidence at trial, he never argued the issue of malice. We will therefore not consider Guevara's malice argument for the first time on appeal. Guevara does not ask this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18, and we will not do so sua sponte. *Id.* at 760.

## II. Sufficiency of the Evidence

Guevara next argues that the evidence was insufficient to show his identity as Miranda's assailant. He refers to Linares's testimony as "replete with inconsistencies and untruths," challenging Linares's failure to call police and that he initially described the event as a robbery because he did not want to admit to meeting his friend for marijuana. Guevara also asserts that Miranda's testimony was not credible because he claimed that the stabbing occurred for no apparent reason, failed to clearly identify Guevara from the initial lineup, and did not accurately portray the number of times he had seen Guevara in court.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a

reasonable doubt.'" *Id.* "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Commonwealth v. Perkins*, 295 Va. 323, 328 (2018) (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009)).

The evidence was sufficient to establish that Guevara assaulted Miranda. Miranda testified unequivocally that both men stabbed him. That evidence was supported by medical documents showing many cutting wounds all over his body, and his visible scarring. Equivocation notwithstanding, Miranda ultimately selected Guevara's photograph in the initial lineup, and testified that Guevara stabbed him multiple times with a knife. Miranda could not be eliminated as a contributor to blood on the knife Guevara admitted using in the stabbing. Guevara admitted to being present at the scene and participating in a stabbing, even if he disputed stabbing Miranda specifically.

The fact finder's credibility determination will be disturbed by this Court only if the witness's testimony is inherently incredible as a matter of law. *Id.* "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

The jury was entitled to weigh testimony against any inconsistencies, such as Linares's changed story and the number of times Miranda had seen Guevara in court. None of the testimony Guevara complains of establishes that Miranda was incredible as a matter of law, and this Court will not reverse the jury's determination on appeal.

CONCLUSION

For these reasons, we affirm the trial court's judgment. We note, however, that the July 5, 2023 order of the trial court fails to state both that the defendant put on evidence and that the trial court denied his renewed motion to strike. Therefore, under Code § 8.01-428(B), we remand this case to the trial court for the sole purpose of correcting this scrivener's error.

*Affirmed and remanded.*