COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Athey
Argued at Richmond, Virginia


DAVID VINH HOANG

                                                      MEMORANDUM OPINION* BY
v.        Record No. 1308-24-2                CHIEF JUDGE MARLA GRAFF DECKER
                                                          NOVEMBER 5, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(John M. Spencer; Spencer, Meyer & Koch, PLC, on brief), for
appellant. Appellant submitting on brief.

Jennifer L. Guiliano, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


David Vinh Hoang appeals his convictions of first-degree murder, arson of an occupied

dwelling, conspiracy to commit arson of an occupied dwelling, conspiracy to commit statutory

burglary, and use of a firearm in the commission of a felony. *See* Code

§§ 18.2-22, -32, -53.1, -77, -91. The offenses stem from the shooting of Timothy Alsfeld in his

home. Hoang argues that the Commonwealth presented no evidence that he acted with

premeditation, the mens rea required to sustain his first-degree murder conviction. He also

contends that the Commonwealth's evidence was not sufficient to support any of his convictions

because the accomplice testimony against him was inherently incredible. For the reasons that

follow, we affirm the convictions and remand solely for the correction of clerical errors in the

conviction and sentencing orders.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Timothy Alsfeld died from a gunshot to the head on the night of July 28, 2022. His car was stolen, and his home was destroyed by arson with his body inside. During the investigation, law enforcement developed Hoang and John Brown as suspects. Hoang was tried by a jury for the offenses he challenges in this appeal.[2]

At trial, the Commonwealth's primary evidence against Hoang was Brown's testimony. Brown explained to the jury how Alsfeld's killing unfolded. According to Brown, one day he and Hoang decided to look for scrap metal to sell. They went to the victim's home, thinking that it was abandoned. While they were inside, Alsfeld returned and confronted them. When Alsfeld entered the home, Hoang shot him in the head.

Brown explained that at Hoang's urging he left in the victim's truck. He accidentally wrecked it and then left the truck on the side of the road. Brown said that he and Hoang met up soon after and set the victim's home on fire. He admitted that he initially lied to law enforcement and told them that he was merely landscaping at the property when a drug deal transpired between Hoang and Alsfeld. He also admitted that he had previous felony convictions as well as convictions for misdemeanors involving lying, cheating, or stealing. At the time of Hoang's trial, Brown was awaiting sentencing for his own convictions related to Alsfeld's

---

[1] The appellate court views the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court. *See Hargrove v. Commonwealth*, 77 Va. App. 482, 491 n.1 (2023). "In doing so, we discard any of [Hoang]'s conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *See id.*

[2] Hoang was acquitted of a burglary charge. Additionally, he was charged with and convicted of several species of murder. The trial court merged convictions for second-degree murder and felony murder with the conviction for first-degree murder as lesser-included offenses. This action is not challenged on appeal.

murder. And he acknowledged that he hoped that his testimony against Hoang would result in his receiving a lighter sentence.

Although no evidence outside of Brown's testimony specifically tied Hoang to the murder, additional evidence established that Brown and Hoang knew each other and, generally, corroborated Brown's version of events. Crystal Drakeford, who lived near the victim and knew Brown and Hoang well, confirmed that they were acquaintances. Drakeford testified that Hoang owned at least one gun and that, in July 2022, she saw Hoang brandish a gun at Brown. In contrast, Drakeford was not aware of Brown owning a gun during the relevant time period. She also described a separate incident in which she witnessed Brown smash Hoang's car window with a brick. Two days after the murder, Hoang texted Drakeford that his car window was broken while he was away on a fishing trip. Drakeford did not recall receiving that message and did not know why Hoang would send it to her since she had seen Brown break Hoang's car window.

The Commonwealth introduced additional circumstantial evidence supporting its case in the form of phone records and Hoang's falsified police report.

The phone records showed that with regard to the day of the murder and the day after it, no phone location information was available for Hoang's phone. Detective Jesse Hanrahan with the Spotsylvania County Sheriff's Office testified that possible explanations for the lack of location information were that the phone was turned off or in "airplane mode." Hoang's lack of phone usage on those two days was especially notable because in the six days before the murder, he sent an average of 132 outgoing text messages each day. Hoang later got a new phone number, although he continued to use his old number as well.

Regarding the police report, Hoang filed it two days after the murder. The report contained Hoang's statements that his car window had been broken while he was on a fishing

- 3 -

trip and that his gun, wallet, cell phone, and personal identification were missing from his car. Hoang later admitted that he falsified the theft allegations in the police report and had disposed of his gun by throwing it into a lake.[3] He claimed that he had lied to protect Brown since Brown was the person who broke his car window. Detective J.D. Harris of the Spotsylvania County Sheriff's Office testified that when he referred to the allegedly missing gun as "the murder weapon" to Hoang, Hoang did not correct him or ask why he used that term.

The jury found Hoang guilty on all charges at issue in this appeal. He was sentenced to life in prison plus forty-eight years. The court suspended all but forty years of the life sentence and forty-five of the forty-eight years, leaving an active sentence of forty-three years.

ANALYSIS

Hoang challenges the sufficiency of the evidence to support his convictions. He bases this claim on two points. He argues that the Commonwealth failed to prove that he had the mens rea necessary for the first-degree murder conviction and that Brown's testimony did not support any of the convictions because it was inherently incredible. The Commonwealth contends that Hoang failed to preserve his arguments for appeal because he did not raise them with specificity in the trial court.

A.  Procedural Bar

Rule 5A:18 requires that an "objection [be] stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Under this rule, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Ray v. Commonwealth*, 74 Va. App. 291, 306 (2022) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc),

---

[3] Hoang was unsure whether he successfully threw the gun into the lake or if it landed alongside it. Despite the efforts of law enforcement, the gun was not recovered.

*aff'd by unpub'd order*, No. 040019 (Va. Oct. 15, 2004)). "Accordingly, 'this Court "will not consider an argument on appeal [that] was not presented to the trial court."'" *Clark v. Commonwealth*, 78 Va. App. 726, 767 (2023) (quoting *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (alteration in original)).

"Specificity and timeliness undergird the contemporaneous-objection rule . . . ." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). The Supreme Court has made clear that "[n]ot just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). A proper objection also "gives the opposing party the opportunity to meet the objection." *Id.* at 744 (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)). In a jury trial, when the defendant elects not to introduce evidence of his own, he may preserve his objections to the sufficiency of the evidence in a motion to strike at the close of the Commonwealth's case or in a timely post-trial motion to set aside the verdict. *See Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 83-84 (2010).

In Hoang's motion to strike the evidence, he argued only that Brown's testimony was not credible. He emphasized that no physical evidence tied him to the scene of the murder. Hoang did not argue that the Commonwealth failed to prove the elements of mens rea or intent for any of the offenses. Moreover, he did not challenge his convictions in a post-trial motion to set aside the verdict.

Argument at trial challenging witness credibility and the sufficiency of the evidence to prove identity does not preserve for appeal an argument related to the sufficiency of the evidence

to prove other elements.  Hoang's challenge to proof of the requisite mens rea necessary to support the first-degree murder conviction, therefore, is procedurally defaulted.[4]

The Commonwealth also contends that Hoang's motion to strike was not specific enough to preserve the legal question of whether Brown's testimony was inherently incredible as a matter of law.  We assume without deciding that Hoang adequately preserved the challenge to Brown's credibility.  *See McGinnis v. Commonwealth*, 296 Va. 489, 501 (2018) (holding that where an appellate court's ability "to review an issue . . . is in doubt," the Court "may 'assume without deciding' that the issue can be reviewed provided that this permits [the Court] to resolve the appeal on the best and narrowest ground[]"); *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015) (declining to decide whether Rule 5A:18 barred consideration of an issue on appeal because "resolution of the merits constitute[d] the best and narrowest ground" for the decision).  Consequently, we proceed to examine this sufficiency issue on its merits.

## B.  Sufficiency of the Evidence

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one."  *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).  In conducting such a review, this Court will affirm the decision unless the trial court was plainly wrong or the conviction lacked evidence to support it.  *See Hargrove v. Commonwealth*, 77 Va. App. 482, 506-07 (2023).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *Hogle v. Commonwealth*, 75 Va. App. 743, 753 (2022) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).  In conducting this

---

[4] Although Rule 5A:18 recognizes exceptions for good cause or to meet the ends of justice, Hoang does not ask the Court to invoke the exceptions, and the Court will not do so sua sponte.  *See, e.g.*, *Hannah v. Commonwealth*, 303 Va. 106, 127 n.9 (2024); *Edwards*, 41 Va. App. at 761.

review, the "appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). In the end, the "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). In addition, evaluating the sufficiency of the evidence "does not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)).

On appeal, Hoang does not dispute Brown's testimony that he committed the offenses with an accomplice. His argument narrowly challenges the existence of evidence specifically corroborating Brown's testimony identifying Hoang as that accomplice. He contends that because Brown was not a credible witness, the evidence connecting Hoang as the accomplice is insufficient.

"The sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder," in this case the jury. *Blankenship v. Commonwealth*, 71 Va. App. 608, 619 (2020) (quoting *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017)). And, consistent with its limited role, a reviewing court "must accept 'the [fact finder]'s determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible."'" *Hammer v. Commonwealth*, 74 Va. App. 225, 239 (2022) (quoting *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019)).

The inherent-incredibility standard presents a high hurdle on appeal. "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or [it is] 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

It is through this well-established legal lens that we view the sufficiency challenge to Brown's credibility.

Although Brown admitted while testifying that he previously gave a different account, his earlier inconsistent statement does not render his testimony inherently incredible. *See Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). He was cross-examined extensively about his earlier statement, his criminal history, and the sentencing outcome he hoped to receive in exchange for cooperating with the prosecution. In addition, during closing arguments, defense counsel strenuously contended that Brown's testimony was not credible, putting the matter squarely before the jury, as trier of fact.

The jury was instructed that its duties included assessing witness credibility. In the end, it accepted Brown's testimony as credible. This conclusion may not be overturned on appeal because his testimony was not, as a matter of law, "inherently incredible[] or so contrary to human experience as to render it unworthy of belief." *See Brown v. Commonwealth*, 75 Va. App. 388, 413 (2022) (quoting *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002)). And Brown's potential motive for testifying was "appropriately weighed as part of the entire issue of witness credibility, which [wa]s left to the jury to determine." *See Juniper*, 271 Va. at 415.

Further, although not necessary for the convictions, Brown's testimony identifying Hoang as his accomplice and the shooter was corroborated by circumstantial evidence. Hoang used his cell phone heavily in the days leading up to the murder. But on the day of the murder and the day after,

- 8 -

his phone did not transmit any information, as though it was turned off or in airplane mode. Hoang, by his own admission, filed a false police report claiming his phone was stolen. In the same police report, Hoang claimed that his gun—the murder weapon under the Commonwealth's theory of the case—had been stolen as well. But he later admitted that he actually threw it into a lake. These facts support the inferences that Hoang purposefully stopped his phone from transmitting location data before breaking into the victim's house and immediately thereafter. These facts also support the conclusion that Hoang disposed of the murder weapon after he killed Alsfeld.

The evidence was before the jury and supports its finding that Hoang was Brown's accomplice and killed Alsfeld. It was well within the jury's purview to evaluate the credibility of Brown's testimony and decide what weight to assign it. This Court "may neither find facts nor draw inferences that favor the losing party that the factfinder did not." *See Garrick*, 303 Va. at 182; *see also Barney*, 302 Va. at 96 (noting that appellate courts "review factfinding with the highest degree of appellate deference" (quoting *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015))). Based on well-established legal principles, Brown's testimony was not inherently incredible, and the evidence was sufficient to support the convictions.

CONCLUSION

Hoang failed to preserve his argument that the Commonwealth did not prove the mens rea element necessary to support his first-degree murder conviction. Brown's testimony identifying Hoang as the shooter was not inherently incredible as a matter of law. As a result, the evidence was sufficient to support the convictions. For these reasons, the trial court's

judgment is affirmed.  The case is remanded solely for the correction of clerical errors in the

conviction and sentencing orders.[5]

*Affirmed and remanded.*

---

[5] A review of the record reveals several clerical errors in the conviction and sentencing orders pertaining to the convictions for conspiracy to commit arson and conspiracy to commit statutory burglary.

- The conviction and sentencing orders reflect that Hoang was found guilty of conspiracy to commit arson of an occupied dwelling.  Those orders cite only the applicable arson statute, Code § 18.2-77, when they should also include the specific statute proscribing the crime of conspiracy at issue here, Code § 18.2-22.
- The conviction order erroneously lists two convictions for statutory burglary.  The order should reflect that Hoang was acquitted of burglary and convicted of conspiracy to commit statutory burglary in violation of Code §§ 18.2-22 and -91.
- The sentencing order lists a single burglary offense, describing it as burglary in the nighttime to commit a felony in violation of Code § 18.2-89.  It should properly reflect the jury verdict that Hoang was guilty of conspiracy to commit statutory burglary in violation of Code §§ 18.2-22 and -91.

We therefore remand to the trial court to enter corrected conviction and sentencing orders listing the proper offenses and referencing the appropriate code sections.  *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10 (2021).